IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      V.                                                Case No.: 19-cr-00008-jdp

MATTHEW BULOVSKY,

                Defendant.

---

GOVERNMENT'S SENTENCING MEMORANDUM

---

I.      Introduction

Matthew Bulovsky has been looking at child pornography for years. He was first caught and charged with possessing child pornography (along with other crimes) in 2016. While on bond for those charges, he continued to commit crimes against children - possessing and distributing child pornography in June and November 2018. He was arrested in January 2019, and has now been convicted of distributing child pornography after sending images to a juvenile and posting images in a Kik chatroom. His advisory guideline range is 210 to 262 months, capped at the statutory maximum of 240 months.[1] For the reasons below, the government requests this Court sentence the defendant within the advisory guideline range.

II.     Sentencing Argument

Sentencing in Federal Courts is guided by 18 U.S.C. § 3553. Section 3553 directs

---

[1] The government recognizes that this Court generally declines to increase the guidelines by two levels for use of a computer. Should the Court follow that practice in this case, the defendant's guideline range would be 168-210 months.

this Court to focus on who the defendant is and what the defendant did (Section 3553(a) (1)), and to address various societal goals in sentencing (Section 3553 (a) (2-7)).  A brief analysis of these components supports a guideline sentence.

    A.    Nature and Circumstances of the Offense

18 U.S.C. § 3553(a) (1) directs the Court to consider the nature and circumstances of the offense – what did the defendant do?  The defendant's actions support a guideline sentence.

The investigation into the defendant's federal charges began in July 2018 when FBI agents determined he sent child pornography to a juvenile in Missouri.  (R. 17, ¶ 8).  As part of his contact with the juvenile, and after determining the juvenile was interested in child pornography, the defendant gave the minor instructions on how to access Kik and communicate with other users.  (Id., ¶14).  He was essentially encouraging another person to exploit children in the Kik chat rooms.  While anybody who seeks these images is encouraging others to break the law, it seems the defendant was taking it even a step further by encouraging and instructing someone who was not active on Kik and in the chat rooms to become so.

When agents searched the defendant's phone after his arrest in this case, they found he was active in other chat groups.  In one group, he posed sexually explicit images of minors, but also asked to "expose" other group members' significant others and asked other members to "expose" his ex-girlfriend.[2]  (Id. ¶ 19).  More alarmingly,

---

[2] The purpose of "exposing" chatrooms is to share explicit images of one's ex.  Other members will then post the images in online forums, such as Pornhub.  The idea is that the images are posted by people who are unknown to the victims, so they cannot trace the postings back to their ex.

the defendant told other Kik users that he'd let other men have sex with his ex-girlfriend while he watched and said that he would rape their girlfriends.[3]

Search terms on the defendant's phone included "anal teen," teen Asian ass-fucked in panties," and "young nn ass." (Id., ¶ 21). Agents found 11 videos and 278 images of child pornography on the defendant's phone when he was arrested. Some of the images depicted infants, toddlers, and bestiality. (Id., ¶ 22).

The defendant's conduct was extremely serious. Not only did he post explicit images of children, he encouraged child exploitation and sexual assault. Moreover, it seems his behavior has escalated since his 2016 arrest, where he possessed child erotica and a few images of child pornography to possessing hundreds of explicit images and numerous videos and sharing them with others. This warrants a guideline sentence.

      B.      History and Characteristics of the Defendant

Despite having an "ideal" childhood, the instant charges are not the first time the defendant has engaged in sexually deviant conduct. While the behavior described above was occurring, the defendant was out on bond from a state case, having been charged with possessing child pornography, capturing an intimate representation and posting or publishing private representations without consent.[4]

In the state case, it is alleged that the defendant posted nude images of his ex-girlfriend on the internet. (R. 17, ¶ 53). While she sent the images to the defendant

---

[3] Because these chats were found on the defendant's phone subsequent to his state charges discussed below, they are likely not accounted for in those charges.

[4] While these charges are the subject of a state court proceeding and will be dealt with in that forum, this Court can consider the facts of the offenses in that they go toward the defendant's history and characteristics.

voluntarily, she did not give him permission to post them on the internet. Moreover, the defendant lied to her, telling her that he deleted other images of her that he had taken. (Id.).

When his phone was seized as part of that investigation, officers found hundreds of pictures of child erotica and at least two sexually explicit images of prepubescent girls. (Id.). Officers also found images of another adult, naked from the waist down, whom the defendant photographed without her permission. He also lied to her, saying that he deleted the images. (Id.).

So while this is the defendant's first conviction, it is not his first offense, and it should not be treated as such.

> C. The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment

Section 3553 directs the Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in the subsection." Included in those factors are the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, and to protect the public from further crimes of the defendant.

The seriousness of this offense is difficult to overstate. Traders of child pornography are members of a community of deviant individuals who revel in watching the sexual abuse of young and vulnerable children. For those with a sexual interest in children, the Internet provides a tailor-made medium for acquiring the latest and most hardcore child pornography images. The fact that the children suffer the sexual abuse in the first place is a horrible reality, but add to that the continued

4

exploitation of such children by persons like the defendant and it becomes a never-ending tragedy. This is particularly true here where the defendant was encouraging at least one other person to become involved in behavior that was likely to lead to further child exploitation.

    D.    The Need to Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of the Defendant

The sentence in this case should constitute a loud message to other offenders that serious consequences will result for such callous disregard of minor victims. Although he has no criminal history (like many of the child pornography defendants who have previously come before this Court), the defendant may well pose a future danger to his young victims, as demonstrated by his repeated illegal acts, including while he was out on bond for similar behavior, that exploited the most vulnerable segment of our societies over a long period of time.

III.    CONCLUSION

For all of the reasons above, the government respectfully believes that a guideline sentence, followed by a lengthy term of supervised release, is warranted in this case.

    Dated: August 27, 2019.

                                          Respectfully submitted,

                                          SCOTT C. BLADER
                                          United States Attorney

                        By:     /s/
                                          ELIZABETH ALTMAN
                                          Assistant United States Attorney